# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

MARY LORNSON, )
)
    Plaintiff, )
)
v. ) **Case No.:**
)
DIVERSIFIED COLLECTION SERVICES, ) **COMPLAINT AND DEMAND FOR**
INC. a/k/a PERFORMANT RECOVERY, ) **JURY TRIAL**
)
    Defendant. ) **(Unlawful Debt Collection Practices)**
)

MARY LORNSON ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against DIVERSIFIED COLLECTION SERVICES, INC. a/k/a PERFORMANT RECOVERY ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Wisconsin, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Soblesky, Wisconsin 54171.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 333 N Canyons Parkway, Suite 100, Livermore, California 94551.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant contacted Plaintiff in its attempts to collect a consumer debt.

11. The alleged debt, a defaulted Sallie Mae student loan(s), arose out of transactions which were allegedly for personal, family, or household purposes.

12. Plaintiff last made payment on the student loan(s) in 2010.

13. Beginning in May 2012, and continuing through July 2012, Defendant placed continuous and repetitive harassing telephone calls to Plaintiff on her home and cellular telephones in its attempts to collect a consumer debt.

14. Defendant called Plaintiff, on average, two (2) to five (5) times a day, causing her to receive more than ten (10) collection calls a week.

15. In those instances where Plaintiff did not answer its telephone calls, Defendant would cause the telephone to ring until her answering machine/voicemail picked up, and then it

would disconnect the call, without leaving a message.

16. As a result, Plaintiff was not provided with any information regarding the purpose of Defendant's calls and/or a how to respond.

17. Not wanting to such calls on her home and cellular telephones, Plaintiff answered Defendant's calls and told its collectors to stop calling.

18. Defendant, however, failed to accept these instructions, failed to update its records to avoid further calls to Plaintiff's telephones, and persisted in calling.

19. Further, when collecting this debt, Defendant conducted its calls in a manner that imposed artificial deadlines upon Plaintiff to create a false sense of urgency to obtain a response.

20. For example on one occasion, a Thursday or Friday morning, Defendant's collectors stated that Plaintiff was required to make a decision to pay the debt immediately, by Monday morning of the next week, or face legal action.

21. Defendant's collectors also on occasion threatened to seize property if Plaintiff did not make payment on the alleged debt.

22. As of the date of this filing, the threatened lawsuit has not been initiated, causing Plaintiff to conclude that Defendant never intended to bring suit, but threatened to do so as a means to coerce payment.

23. Further, not only did Defendant not intend to seize Plaintiff's property, but it could not legally do so as no judgment was entered involving this alleged debt.

24. In its attempts to collect the debt, Defendant contacted Plaintiff's friends on several occasions, using a ruse that the call was an effort to reach Plaintiff, when the parties had already spoken and/or when Defendant knew it possessed valid contact information and did not

need to call third parties.

25. When contacting third parties, Defendant disclosed its business name and telephone number, which served to embarrass Plaintiff, as Diversified *Collection Services,* reveals both the fact that Defendant is a debt collector and the subject matter of the call. Defendant did this though Plaintiff never authorized the disclosure.

26. Defendant's actions as described herein were made with the intention of annoying, abusing, harassing, and coercing payment from him.

**COUNT I**
**DEFENDANT VIOLATED § 1692b(3) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

27. Section 1692b(3) of the FDCPA prohibits debt collectors from communicating with a third party more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person was erroneous.

28. Defendant violated §1692b(3) of the FDCPA when it called Plaintiff's friend more than once without being requested to do so by Plaintiff's friend and without belief that information provided was erroneous.

**COUNT II**
**DEFENDANT VIOLATED § 1692c(b) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

29. Section 1692c(b) of the FDCPA states that a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer without the prior consent of the consumer.

30. Defendant violated §1692c(b) of the FDCPA when it contacted Plaintiff's friend in connection with the collection of the subject debt without the prior consent of the Plaintiff.

**COUNT III**

4

**DEFENDANT VIOLATED § 1692d OF THE
FAIR DEBT COLLECTION PRACTICES ACT**

31. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

32. Defendant violated §1692d of the FDCPA when it called Plaintiff repeatedly and continuously and when it engaged in other harassing or abusive conduct.

**COUNT IV
DEFENDANT VIOLATED § 1692d(5) OF THE
FAIR DEBT COLLECTION PRACTICES ACT**

33. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

34. Defendant violated §1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously, calling two (2) to five (5) times a day, with the intent to harass or annoy Plaintiff.

**COUNT V
DEFENDANT VIOLATED § 1692e OF THE
FAIR DEBT COLLECTION PRACTICES ACT**

35. Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive or misleading representation or means in connection with the collection of any debt.

36. Defendant violated §1692e of the FDCPA when it threatened to seize Plaintiff's property and to bring a lawsuit against her without the intention to do so, and when it made other false, deceptive or misleading representations.

**COUNT VI**

5

**DEFENDANT VIOLATED § 1692e(4) OF THE
FAIR DEBT COLLECTION PRACTICES ACT**

37. Section 1692e(4) of the FDCPA prohibits the representation or implication that nonpayment of any debt will result in the garnishment of any property or wages unless such action is lawful and the collector intends to take such action.

38. Defendant violated §1692e(4) of the FDCPA when it told Plaintiff that it would seize her property if she did not pay the alleged debt, when it lacked the intention or ability to do so.

**COUNT VII
DEFENDANT VIOLATED § 1692e(5) OF THE
FAIR DEBT COLLECTION PRACTICES ACT**

39. Section 1692e(5) of the FDCPA prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken.

40. Defendant violated §1692e(5) of the FDCPA when it threatened Plaintiff with a lawsuit when Defendant lacked the intention to bring a lawsuit or to garnish Plaintiff's property.

**COUNT VIII
DEFENDANT VIOLATED § 1692e(10) OF THE
FAIR DEBT COLLECTION PRACTICES ACT**

41. Section 1692e(10) of the FDCPA prohibits debt collectors from using any false representation or deceptive means to collect or attempt to collect a debt.

42. Defendant violated §1692e(10) of the FDCPA when it threatened to seize Plaintiff's personal property and bring a lawsuit against her without the intention to do so, and when it made other false, deceptive or misleading representations.

## COUNT X
## DEFENDANT VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

43. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect a debt.

44. Defendant violated § 1692f of the FDCPA when it when it caused Plaintiff's telephone to ring until her answering machine/voicemail picked up and disconnect the call, not leaving any message, thereby failing to provide Plaintiff with any information regarding the purpose of its calls and/or a means within which to contact them; creating artificial deadlines within which for Plaintiff to respond; and engaging in other unfair and unconscionable means.

WHEREFORE, Plaintiff, MARY LORNSON, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MARY LORNSON, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 05/30/2013                    KIMMEL & SILVERMAN, P.C.

By: */s/ Tara L. Patterson*
 Tara L. Patterson
 PA Attorney ID No. 88343
 30 East Butler Pike
 Ambler, PA 19002
 Phone: (215) 540-8888 ext. 103
 Fax:  (877) 617-2515
 Email: tpatterson@creditlaw.com